IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTY MATHIS,
    Plaintiff,

v.                              Case No.: 5:05cv163/RS/EMT

WACHOVIA formerly known as
SOUTHTRUST,
    Defendant.
_____/

**ORDER**

    This cause is before the court on Plaintiff's Motion to Compel (Doc. 30), Plaintiff's Motion for Reopening Depositions (Doc. 31), and Defendant's responses to both (Docs. 33, 34).

    This is an action alleging race discrimination and retaliation in violation of 42 U.S.C. § 2000e, *et seq.* (Title VII), the Florida Civil Rights Act, and 28 U.S.C. § 1981 (Doc. 12). Generally, Plaintiff alleges that Defendant denied her promotions and training opportunities because of her race, disciplined her more severely than similarly situated white employees, and retaliated against her after she complained about a hostile work environment (*see id.*). Currently, the discovery deadline is November 21, 2006, the deadline for dispositive motions is December 11, 2006, and trial is set for January 22, 2007 (Doc. 29). Neither party has sought an extension of these deadlines.

DISCUSSION

    I.    Motion to Compel Response to Plaintiff's First Request for Production

    Plaintiff requests that this court order Defendant to respond to her first request for production number 3:

> Please provide records of all pay records of Lynette Freeman, Jarod Griffin, Jason McCormick, Jan Peacock, Christy Mathis and Nicole Grzelka

(Doc. 30 at 1). Defendant responded that it does not disagree that such records are relevant, but many of the records were misplaced during the merger and Defendant has not located them (*id.*). Plaintiff contends that "it is not believable that a large corporation would have lost all pay records that have tro [sic] be maintained and provided to the employee, to retirement accounts and to the Internal Revenue Service" (*id.* at 1–2).

Defendant now asserts that it produced pay records "to the extent it can locate the SouthTrust records prior to 2005" (Doc. 34 at 1). Moreover, Defendant contends that the phrase "pay records" is over broad in time frame and ambiguous, and that there are less burdensome methods to produce the relevant information (*id.* at 1, 4). "[I]n lieu of the actual 'pay records' and supporting documentation, which would be voluminous, such as several years of bi-weekly pay stubs and time records," Defendant offered to Plaintiff "data that the Plaintiff would find relevant" (*id.* at 2).

The Federal Rules of Civil Procedure provide that a party may serve requests for production of documents which are "in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984). If the documents for production are not in existence, the objecting party should so state under oath. *See* Cairnes v. Chicago Exp., Inc., 25 F.R.D. 169, 170 (N.D. Ohio 1960). Even if a party has control of documents, the court may limit the extent of discovery through document production if the "discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." *See* Fed. R. Civ. P. 26(b)(2).

Defendant objects to Plaintiff's first request for production number 3 because production of all of the physical records would be unduly burdensome. While Defendant states that the merger between Wachovia and SouthTrust has "complicated" the challenge of finding the requested documents, it is unclear whether Defendant is stating that it does not have present, personal possession of the documents or whether the documents no longer exist. Clearly, if documents do not exist or are not in Defendant's possession or control, the court cannot compel Defendant to produce the documents. However, since Defendant has not explicitly stated that the documents do

not exist, the court will assume for purposes of this order that it is possible (but burdensome) for Defendant to obtain the documents.

Even so, it appears that the information available from the physical pay records is obtainable from some other source that is more convenient, less burdensome, and less expensive: Defendant has offered to provide the "data that the Plaintiff would find relevant." Therefore, Plaintiff's motion to compel a response to its first request for production number 3 shall be granted in part. Defendant shall be required to provide <u>all</u> of the <u>information</u> that would appear in <u>all of the pay records</u> of Lynette Freeman, Jarod Griffin, Jason McCormick, Jan Peacock, Christy Mathis, and Nicole Grzelka. However, as long as Defendant can provide all of this information, Defendant does not need to produce the physical pay records of these individuals.

   II. <u>Motion to Compel Response to Plaintiff's Second Request for Production</u>

Plaintiff requests that this court order Defendant to respond to her second request for production number 3:

> Please provide records of all pay records of Beverly Washington, Carla Houston, Vaun Marks, Monica (last name unknown, she is an African American Female who was hired as a temp to work as a floater at the Thomas Drive SouthTrust/Wachovia Branch), Linda Hatfield, Rosa Bell Dows, Jeremy (last name unknown, he is a white male who worked at the 23rd Street SouthTrust/Wachovia branch and was convicted of stealing over $100,000.00), Alice Parker and Charles Cage

(Doc. 30 at 2). Plaintiff notes that Defendant objected to this request because the information sought is not relevant to Plaintiff's claims and because the request is over broad and would be unduly burdensome (*id.*). However, Plaintiff contends that "All pay records of employees who were similarly situated to plaintiff or who did not receive discipline are relevant and should be provided as Plaintiff has the burden of proving her case and the pay records could reasonably lead to admissible evidence" (*id.*).

Defendant objects to Plaintiff's motion to compel a response to Plaintiff's second request for production number 3, because the pay records for those individuals are not relevant to Plaintiff's claims (Doc. 34 at 2). Defendant states that these individuals did not engage in similar acts for which the Plaintiff was disciplined and did not compete with Plaintiff for a promotion (*id.*). Further, because these individuals did not work at Plaintiff's branch, their pay information at another bank

location and in a position different than Plaintiff's is not relevant (*id.* at 2, 3).  Even so, Defendant already produced the personnel files, including pay records, for the six individuals (Beverly Washington, Carla Houston, Vaun Marks, Linda Hatfield, Alice Parker, and Charles Cage) it could identify (*id.* at 2).  Defendant could not identify three of the individuals (Monica (last name known), Jeremy (last name unknown), and Rosa Bell Dows) (*id.*).

The Federal Rules of Civil Procedure permit discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495 501 (1947)).  Relevant information is discoverable even if it is not admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  In addition, "discovery is not limited to issues raised by the pleadings."  Oppenheimer, 437 U.S. at 351.

In order to establish a prima facie case of disparate treatment, Plaintiff will have to show that "(1) she belongs to a protected class, (2) she was subjected to adverse job action, (3) her employer treated similarly situated employees outside her classification more favorably, and (4) she was qualified to do the job."  Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999).  Thus, pay records of similarly situated employees are relevant to Plaintiff's claim that Defendant treated her differently because of her race.  However, Plaintiff has not established that the listed employees are "similarly situated."  Although Plaintiff alleges that records of similarly situated employees are relevant to her claims, she does not allege that these specific individuals are similarly situated.  On the other hand, Defendant contends that these individuals did not engage in similar acts for which the Plaintiff was disciplined, did not compete with Plaintiff for a promotion, and worked at different branches and in different positions than Plaintiff.  Therefore, pay records for these individuals is not relevant to Plaintiff's claims, and Plaintiff's motion to compel a response to her second request for production number 3 shall be denied.

### III. Motion to Reopen Depositions

Plaintiff requests that this court grant leave for her to re-depose four persons: Larissa Perry (originally deposed September 15, 2006), Lynette Piper (Freeman) (originally deposed August 25,

2006), Rick Grant (originally deposed September 14, 2006), and Kim Ellis (originally deposed September 15, 2006) (Doc. 31 at 1). Plaintiff states that these four persons "were decision makers in the determination of the appropriate discipline to be given to Plaintiff and other bank employees who were involved in a [sic] processing a $76,900.00 counterfeit Canadian Postal Money Order" (*id.* at 1–2). Specifically, Plaintiff alleges that Rick Grant conducted an extensive investigation of the fraudulent money order, and the investigation was not provided to Plaintiff until November 1, 2006, after Plaintiff had deposed these four persons (*id.* at 2–3). Plaintiff alleges that the investigation contains statements of Lynette Piper, Plaintiff's supervisor, which directly conflict with statements given by "other relevant witnesses" (*id.* at 2). Further, the investigation allegedly contains statements revealing the responsibility of other (white) employees for the loss to the bank caused by the fraudulent money order (*id.*). Plaintiff states that she was "severely prejudiced" by deposing the four named witnesses before receiving the investigation, and she seeks to reopen the depositions in order to question the four witnesses "about their knowledge of the contents of the extensive investigation" (*id.* at 3).

Defendant opposes the reopening of these four depositions, because Plaintiff has already conducted eighteen depositions[1] during which she "probed and challenged <u>ad nauseam</u> the reason why SouthTrust managers made their decision in March 2004 to place the Plaintiff, a Teller Supervisor, on 90-days probation for her role in the loss of over $71,000.00 to the Bank" (Doc. 33 at 1). Moreover, Defendant notes that Plaintiff does not deny that she failed to run the customer's fraudulent item through a security scanner to determine if the money order was legitimate (*id.*). As a result of a corporate security investigation and meetings with various SouthTrust managers, a decision was made to place Plaintiff on probation for ninety days (*id.* at 3). The decision makers also testified that Plaintiff's branch manager, Lynette Freeman (n/k/a Piper), was not formerly disciplined because she had only been employed by SouthTrust for five days and had not yet been trained in SouthTrust's policies regarding deposits (*id.* at 3).

---

[1]Although Plaintiff exceeded the deposition limit of ten set by the court's scheduling and mediation order (Doc. 18) and Federal Rule of Civil Procedure 30(a)(2)(A), Defendant states that it did not require Plaintiff to seek leave of the court and did not oppose the taking of the eighteen depositions (Doc. 33 at 2–3).

Case No. 5:05cv163/RS/EMT

Defendant contends that Plaintiff has already asked the witnesses what they recall of the details of the transaction and the investigation, and that "[n]o new information pertaining to the personnel decisions made by the relevant managers will be learned during these depositions" (*id.* at 2). For example, Plaintiff questioned Perry and Ellis extensively about their roles in the investigation and the reasons for their decisions (*id.*). Plaintiff asked Freeman about her role in the transaction and her recollection of the conversations and investigation pertaining to the fraudulent item (*id.* at 4). Freeman did not make any disciplinary decisions regarding the incident, because Freeman was involved in accepting the item (*id.*). Finally, Grant is a former corporate security investigator who compiled a final report used by the decision makers to make their personnel decisions, and he was extensively questioned about his investigation and his recommendations (*id.*). During his deposition, Grant indicated that he believed the corporate security department had compiled a large investigation file, and based on this testimony, Defendant located the file and sent it to Plaintiff via overnight delivery on October 25, 2006 (*id.*).

Plaintiff conducted several depositions after she received the investigation file, and Plaintiff asked those witnesses about the file (*id.*). For example, Ronald Pippin, the SouthTrust Market President who made the decision to place Plaintiff on probation, testified that he had never seen the investigation file and that his decision was made based on Grant's final report and discussions with the management team (*id.*).

Generally, a party may take the deposition of any person, including a party, without leave of the court. Fed. R. Civ. P. 30(a)(1). However, a party must obtain leave of the court to take a deposition in certain circumstances: a proposed deposition would result in more than ten depositions being taken by a single party, or the person to be examined has already been deposed. *Id.* 30(2)(A), -(B). *See* Andrews v. Fowler, 98 F.3d 1069, 1080 (8th Cir. 1996) (finding no abuse of discretion in district court denial of civil rights plaintiff's motion to take additional depositions, where plaintiff had already taken twelve depositions, which was two more than permitted without leave of court). Plaintiff's request in the instant case falls into both of these categories; she has already taken eighteen depositions, and she seeks to take depositions of four persons who have already been deposed. Therefore, Plaintiff must obtain leave of the court to take these depositions.

Case No. 5:05cv163/RS/EMT

When a party seeks leave to take more than ten depositions, the court's decision whether to grant such leave is governed by Rule 26(b)(2), which provides, in pertinent part,

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2), 30(a)(2).

In the instant case, Plaintiff's request is contrary to all of the factors listed in Rule 26(b)(2). First, the discovery would be unreasonably cumulative, because Plaintiff has already deposed each of the witnesses regarding their roles in the decision to place her on probation and their reasons for that decision.[2] Plaintiff does not dispute that she asked each of the witnesses about Grant's investigation and final recommendation. Although Plaintiff alleges that she was "severely prejudiced" by deposing the four witnesses before she received the investigation file, she does not state what she would have asked each of the witnesses if she had the file, what she would ask them if the depositions were now reopened, or how that information would be relevant to her claims. Further, to the extent Plaintiff seeks to show that the investigation file contains statements by Freeman that conflict with statements given by other witnesses, or statements revealing the responsibility of other employees for the loss (*see* Doc. 31 at 2), those statements are obtainable from another more convenient and less expensive source: the file itself. Plaintiff has not demonstrated why it is necessary to reopen the four depositions in order to admit the file into evidence.

Next, Plaintiff had ample opportunity by discovery to obtain the information sought. During the course of discovery, Plaintiff conducted eighteen depositions and served four separate requests for production of documents, three separate requests for admissions, and two separate sets of

---

[2] It appears that Freeman was not involved in the decision to place Plaintiff on probation.

interrogatories (Doc. 33 at 2 & n.3). Several of the depositions were conducted after Plaintiff received the investigation file, and Plaintiff asked those witnesses about the file. Pippin, the manager who actually made the decision to place Plaintiff on probation, testified that he had never seen the investigation file and that he made his decision based on Grant's final report. Moreover, although Plaintiff had the opportunity to request additional depositions before the end of the discovery period, she failed to do so. Plaintiff received the investigation file between October 25, 2006 and November 1, 2006, at least three weeks before the end of the discovery period, but she did not file the instant motion until 10:54 p.m. on November 21, 2006, the discovery deadline date.[3]

Finally, the burden and expense of the proposed discovery outweighs any benefit that might be gained by re-deposing these four witnesses. As discussed above, the likely benefit of this additional discovery is minimal, and it is outweighed by the burden and expense the additional discovery would cause. Notably, Plaintiff's request would require an extension of the discovery deadline, but the pretrial conference is scheduled to take place in three weeks, and trial is scheduled to begin in six weeks (*see* Doc. 29).

Therefore, as Plaintiff's request to reopen depositions violates the principles set out in Rule 26(b)(2), it shall be denied.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Compel (Doc. 30) shall be **GRANTED in part**. Regarding Plaintiff's motion to compel a response to its first request for production number 3, Defendant shall be required to provide all of the information that would appear in all of the pay records of Lynette Freeman, Jarod Griffin, Jason McCormick, Jan Peacock, Christy Mathis, and Nicole Grzelka. However, as long as Defendant can provide all of the same information, Defendant need not produce the physical pay records of these individuals. Plaintiff's motion is **DENIED** to the extent Plaintiff requests that the court order Defendant to respond to Plaintiff's second request for production number 3.

2. Plaintiff's Motion for Reopening Depositions (Doc. 31) is **DENIED**.

---

[3]Plaintiff has not requested an extension of the discovery deadline.

Case No. 5:05cv163/RS/EMT

**DONE AND ORDERED** this 18th day of December 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**